## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

DET DAT and THOKAT KUOTH,

                Plaintiffs,

      v.

THE INDEPENDENT ORDER OF
FORESTERS,

                Defendant.

Case No. 8:22-cv-00444

**NOTICE OF REMOVAL**

      Defendant, The Independent Order of Foresters ("Foresters")[1], pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, submits the following Notice of Removal with respect to the above-captioned case, which was filed in the District Court of Douglas County, Nebraska, Case No. CI 22-8982.  In support of this Notice of Removal, Foresters states the following:

### Timeliness and Background

      1.      On November 21, 2022, Plaintiffs Det Dat and Thokat Kuoth ("Plaintiffs") commenced a civil action against Foresters by filing a Complaint in the District Court of Douglas County, Nebraska.  The lawsuit is recorded on that court's docket as Case No. CI 22-8982.

      2.      Foresters is the only Defendant named in Plaintiffs' Complaint.  Foresters was incorrectly named as simply "Foresters Financial" in the complaint (its trade name), as opposed to its full legal name, The Independent Order of Foresters.  Foresters submits this removal under its corrected legal name.

---

[1] Foresters was incorrectly named as simply "Foresters Financial" in the complaint, as opposed to its full legal name, "The Independent Order of Foresters" and submits this removal under its correct name. "Foresters Financial" is a trade name used by The Independent Order of Foresters.

3.      Foresters was not served directly, but one of its subsidiaries was served through its registered agent on November 28, 2022.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiffs' Complaint, which constitute "all summons, pleadings, and orders" served upon Foresters' related entity in the state court action, are attached hereto as Exhibit "A".

4.      Because Foresters has filed this Notice of Removal within thirty (30) days of the service described above, this Notice of Removal is timely.  *See* 28 U.S.C. § 1446(b).

5.      Plaintiffs allege that they are the sole beneficiaries on a life insurance policy issued by Foresters to Goa Dat and that the amount of the policy was $100,000.  (Compl. ¶¶ 3, 4).  Plaintiffs seek $100,000 in benefits and attorneys' fees pursuant to Nebraska Revised Statute §§ 44-359 and 44-381.

## This Case Is Removable Based Upon Diversity Jurisdiction

6.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7.      Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… citizens of different States." 28 U.S.C. § 1332(a).

8.      In this case, both the "diversity" and "amount in controversy" requirements are met.

2

**The Parties are Diverse**

9.      As reflected in Plaintiffs' Complaint, Plaintiffs are residents and citizens of the State of Nebraska. (Compl. ¶ 1).

10.     Section 1332 defines corporate citizenship as follows: "[f]or the purposes of this section and section 1441 of this title… a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c).

11.     Foresters is incorporated under the laws of Canada, and its principal place of business is located in Canada.  Foresters is not a citizen of the State of Nebraska.  *See* 28 U.S.C. § 1332(c)(1).  Plaintiffs' Complaint simply makes reference to Foresters "doing business in the State of Nebraska" and fails to specify the foreign nature of Foresters' business. (*See* Compl. ¶ 2).   Attached as Exhibit "C" is a true and correct copy of the Declaration of defense counsel, Krista M. Eckhoff.  Exhibit "1" therein is a copy of the letters patent issued by the Government of Canada showing The Independent Order of Foresters having been incorporated in Canada.   Exhibit "2" therein is a copy of the Government of Canada Office of the Superintendent of Financial Institutions' webpage identifying the citizenship of Defendant The Independent Order of Foresters.

12.     Thus, Plaintiffs and Foresters are diverse as Plaintiffs are citizens of the State of Nebraska and Foresters is a citizen of a different country (a foreign state). 28 U.S.C. §§ 1332(a), (c).

**The Amount in Controversy Exceeds $75,000**

13.     Here, Plaintiffs seek life insurance benefits in the amount of $100,000, as well as attorneys' fees pursuant to Nebraska Revised Statute § 44-359. (Compl. ¶ 3, Wherefore clause, following ¶ 8).

14.    Thus, without admitting the legitimacy of Plaintiffs' claims, the case is properly removable to federal court.  *See* 28 U.S.C. § 1332(c).

15.    Based on the foregoing, this Court has original jurisdiction over Plaintiff's claims.  *See* 28 U.S.C. §§ 1332(a), (c).

## **Venue and Notice**

16.    Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Venue is proper in this District because, pursuant 28 U.S.C. § 83(a)(3), this District embraces the District Court of Douglas County, Nebraska, the place where the removed action had been pending. 28 U.S.C. § 1441(a).

17.    Promptly upon the filing of this Notice of Removal, Foresters shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the District Court of Douglas County, Nebraska, and will serve a copy thereof on Plaintiffs through their counsel, pursuant to 28 U.S.C. 1446(d).  A copy of this notice is attached hereto as Exhibit "B."

## **Conclusion**

18.    Based on the foregoing, this Court has original jurisdiction over this action based on the diversity of the parties under 28 U.S.C. § 1332; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

WHEREFORE, Foresters requests that the above-described action pending against it be removed to this Court. Foresters also requests all other relief, at law or in equity, to which it is justly entitled.

Dated this 28th day of December, 2022.

THE INDEPENDENT ORDER OF
FORESTERS, Defendant,

By:    /s/Krista M. Eckhoff

Krista M. Eckhoff (NE# 25346)
of    BAIRD HOLM LLP
1700 Farnam Street
Suite 1500
Omaha, NE  68102-2068
Phone: 402-344-0500
Email:  keckhoff@bairdholm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Brent M. Bloom
416 South 14th Street
Omaha, NE 68102
ayogapractice@gmail.com

And I hereby do certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

N/A

/s/Krista M. Eckhoff

DOCS/2907964.3