IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DET DAT, Beneficiaries of Goa Dat, Deceased; and THOKAT KUOTH, Beneficiaries of Goa Dat, Deceased;

Plaintiffs,

vs.

THE INDEPENDENT ORDER OF FORESTERS,

Defendant.

**8:22CV444**

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's, The Independent Order of Foresters, motion for summary judgment pursuant to Fed. R. Civ. P. 56. Filing No. 43. Also before the Court is Plaintiffs' motion for summary judgment, Filing No. 47. This case arises under a life insurance contract entered into between the plaintiffs and the defendant. Due to the fact that both motions involve the exact same issue, the Court will address them together.

**BACKGROUND**

In July 2021, Plaintiffs Goa Dat and Det Dat submitted an application for Accidental Death Term Insurance, listing Goa Dat as the insured and Det Dat as the owner (the "Application"). The parties used a broker, Kelli Brown, to help obtain the insurance and submit the Application to Defendant Foresters. Filing No. 46-1 at 8, Dat Dep. 26:16–20. There was a series of questions that Plaintiffs had to answer with "Yes" and "No" answers. If the applicant answered "yes" to any of those questions, the Application was automatically denied. *See also* Filing No. 45 at 3; Filing No. 46-2, the Application; Filing No. 46-7 at 5 and 12, Dep. of Douglas Parrott, 15:2–9, 35:14–25; Filing No. 45 at 3 and 5. Page one of the Application has a question asking whether Goa Dat had ever had his

driver's license suspended.  The answer submitted was "NO." The question on the Application was Question Number 2 under Section 3 "Health and Lifestyle" which asked about the insured (here, Goa Dat):

> Have you ever had your driver's license suspended or revoked or within the past 5 years (60 months) been convicted of, or pled guilty to, a driving under the influence (DUI) or driving while intoxicated (DWI) offence, or more than 3 moving violations?

Filing No. 46-2 at 1.  Geo Dat answered "No."

Plaintiffs submitted a claim after Goa Dat's death, approximately 18 months after becoming insured, at which time Defendant discovered that the Application contained a false answer.  Goa Dat had his license suspended prior to the Application—and even pled guilty to driving on a suspended license a few months before he applied for the insurance coverage.  In fact, Plaintiff had been charged and arrested for such violations.

Defendant approved the Application and issued insurance based upon that representation (and the remainder of the Application).  Defendant states that Plaintiff would have been denied coverage, had he told the truth.  Defendant did not know of these charges and arrest prior to the death of the plaintiff.  Plaintiff died from a gunshot wound prior to the two-year incontestability period expiration.

Plaintiffs Det Dat and Thokat Kuoth have filed a lawsuit seeking payment under the insurance policy on the life of their brother and son, Goa Dat.  Plaintiff Det Dat is a brother of Goa Dat and one of the two beneficiaries of the Policy and was also the owner of the Policy on Goa Dat.  Filing No. 46-1 at 3, Dat Dep. 8:13–18.  Plaintiff Thokat Kuoth is the mother of Goa Dat and Det Dat, the other beneficiary of the Policy.  Filing No. 46-1 at 3, Dat Dep. 8:24-9:5. Goa Dat answered Question 2 himself and, indeed, all the questions in the Application, according to Det Dat.  Filing No. 46-1 at 4–5, Dat Dep. 12:17–

21 and 16:11–17:5. Goa Dat answered Question 2 in the negative, indicating, among other things, that he had never had his driver's license suspended or revoked and had not been convicted of or pled guilty to more than three moving violations in the past five years. Filing No. 46-2 at 1; Filing No. 46-1 at 5, Dat Dep. 17:1–3. Det Dat and Goa Dat both signed the Application, verifying the truthfulness of the answers therein. Filing No. 46-1 at 5, Dat Dep. 15:13–16:10. Det Dat acknowledges that Goa Dat's answer to Question 2 of the Application was false. Filing No. 46-1 at 6 and 7, Dat Dep. 18:3–5, 26:1–3. Both beneficiaries state they had no knowledge that these answers were false and had no knowledge that Goa Dat had these charges or convictions.

## STANDARD OF REVIEW

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "an adverse party cannot produce admissible evidence to support" a fact essential to the nonmoving party's claim. Fed. R. Civ. P. 56(c)(1)(A) & (B). The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The movant 'bears the initial responsibility of informing the district court of the basis for its motion' and must identify 'those portions of [the record] . . . which it believes

demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting *Celotex Corp.*, 477 U.S. at 323). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 324). A "genuine" issue of material fact exists "when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004). If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Anderson*, 477 U.S. at 251.

Nebraska courts have found that "when an applicant makes an untrue statement with respect to a material fact peculiarly within his knowledge, the finder of fact may, from the mere occurrence of the false statement, conclude it was made knowingly with intent to deceive." *Lowry v. State Farm Mut. Auto. Ins. Co.*, 421 N.W.2d 775, 779 (Neb. 1988).

**DISCUSSION**

Nebraska law provides that an insurer cannot avoid a policy based upon a misrepresentation in an application "unless such misrepresentation or warranty deceived

the company to its injury." Neb. Rev. Stat. § 44-358. The full language of the statute reads:

> No oral or written misrepresentation or warranty made in the negotiation for a contract or policy of insurance by the insured, or in his behalf, shall be deemed material or defeat or avoid the policy, or prevent its attaching, unless such misrepresentation or warranty deceived the company to its injury. The breach of a warranty or condition in any contract or policy of insurance shall not avoid the policy nor avail the insurer to avoid liability, unless such breach shall exist at the time of the loss and contribute to the loss, anything in the policy or contract of insurance to the contrary notwithstanding.

Neb. Rev. Stat. § 44-358.

The Nebraska Supreme Court has clarified this statute, explaining that "in order for a misrepresentation by concealment to constitute a defense to an action on a contract of insurance, the insurer must plead and prove (1) that the misrepresentation was made knowingly with intent to deceive, (2) that the insurer relied and acted upon such statement, and (3) that the insurer was deceived to its injury." *Lowry*, 421 N.W.2d at 778.

It is undisputed that the answer of "NO" to Question 2 in Section 3 of the Application was false. This answer indicated that the insured, Goa Dat, had never had his driver's license suspended or revoked. Filing No. 45 at 2, ¶ 7. However, this answer was false. *Id.* at 3–4, ¶¶ 17, 22. Specifically, the Nebraska Supreme Court has explained that "[a] misrepresentation is material if the insurer would not have issued the policy had it been aware of the true facts." *Lowry*, 421 N.W.2d at 778. In *Lowry*, the Court determined that "State Farm was injured [by a concealment of a fact about the decedent's driving record] as a matter of law, for it accepted a risk it would not have accepted but for the concealment of that occurrence." *Id.* at 778–79. Further, with regard to the third element, courts have acknowledged that "when an applicant makes an untrue statement with respect to a

material fact peculiarly within his knowledge, the finder of fact may, from the mere occurrence of the false statement, conclude it was made knowingly with intent to deceive." *Lowry*, 421 N.W.2d 775 (emphasis in original) (quoting *White v. Medico Life Ins. Co.*, 327 N.W.2d 606, 610 (Neb. 1982)).

As stated herein, Goa Dat's brother and mother—the plaintiffs—had no knowledge about Goa Dat's driving record. Filing No. 45 at 5, ¶ 30. Thus, they cannot testify at trial to the contrary. Det Dat claims he has no such knowledge, despite signing the Application and attesting that all of the answers therein were true. Filing No. 45 at 5, ¶ 32.

"[A]n insurer need not make an independent investigation and may rely on the truthfulness of the answers in an application for insurance as long as there was nothing to put it on notice of the falsity of any of the answers." *Lowry*, 421 N.W.2d 775 (citing *Omaha Nat. Bank v. Manufacturers Life Ins. Co.*, 332 N.W.2d 196 (Neb. 1983)). In *Omaha Nat. Bank*, the Nebraska Supreme Court affirmed the trial court's verdict in favor of the defendant insurer and found that there was no error in the jury instructions provided, which the court described as follows:

> The trial court instructed the jury that an insurer may rely on the answers given in an application and need not conduct an investigation. Such reliance is not justified if there is something to put the insurer on notice that the answers are false. Such notice may require an investigation. The jury was instructed that the fact that an investigation is conducted by the insurer does not absolve the applicant from speaking the truth nor lessen the right of the insurance company to rely on the applicant's statements.

*Omaha Nat. Bank*, 332 N.W.2d at 201. Further, "a fraud-feasor will not be heard to assert that his victim was negligent in relying on the misrepresentation." *Id.* at 884 (citing *Kubeck v. Consolidated Underwriters*, 517 P.2d 1039, 1042 (Or. 1974)).

## CONCLUSION

The law is clear. The defendant is entitled to rely on the answers given on the Application. The deceased clearly answered Question 2 with a falsehood. The defendant was entitled and did rely on it. Ultimately, this falsehood and misrepresentation was detrimental to the defendant. While there are no witnesses to testify that the deceased did this with the intention of creating a material misrepresentation, the unrefuted facts are sufficient to establish this element. The deceased pled to and was found guilty of Driving During Suspension only a few months prior to obtaining his insurance application. He knowingly provided false information at that time of his application. For these reasons, and for the reasons set forth in the *Lowry* case, the Court finds the defendant is entitled to summary judgment as a matter of law. Based on the facts presented in this case and the lack of evidence to the contrary, a jury could not find otherwise.

**THEREFORE, IT IS ORDERED THAT:**

1. Plaintiffs' motion for summary judgment, Filing No. 47, is denied.
2. Defendant's motion for summary judgment, Filing No. 43, is granted, and this case is dismissed.
3. A separate judgment will be entered in conjunction with this Memorandum and Order in favor of the defendant.

Dated this 5th day of November, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge